# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| ELIZA CAMPBELL,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    No. 3:06-CV-444<br>) |
| GERALD GRAHAM,<br>    Defendant. | )    Judge Phillips<br>) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff Eliza Campbell has brought this action under 42 U.S.C. § 1983, alleging violation of her constitutional rights. Her cause of action stems from her allegation that defendant Gerald Graham, a reserve deputy with the Anderson County Sheriff's Office, forcibly raped her while on duty the night of October 3, 2006. Defendants Anderson County and Sheriff Paul White were granted summary judgment on plaintiff's claims and dismissed from the lawsuit. The only remaining claims in this matter are those against defendant Gerald Graham, in his individual capacity.

Defendant Graham was served with process on November 19, 2005. He failed to answer or otherwise respond to the complaint and the court entered default judgment against him on March 25, 2010. An evidentiary hearing was held on July 16, 2010 to determine plaintiff's damages. Plaintiff Eliza Campbell was the only witness at the evidentiary hearing. Having heard the testimony at trial, and having reviewed the record

in this case, the following are the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52(a).

**Findings of Fact**

1. On October 3, 2006, at approximately 9:51 p.m., Anderson County 911 received a call from plaintiff Eliza Campbell concerning a domestic disturbance at 173 Cedar Grove Lane, Clinton, Tennessee. Campbell and her boyfriend had been arguing, and Campbell alleged that her boyfriend had assaulted her.

2. Anderson County 911 dispatched Deputy Robert Bryson and Reserve Deputy Gerald Graham to the scene at approximately 9:53 p.m. The deputies arrived in separate cars.

3. Instead of arresting either party, Deputy Bryson decided to separate the parties. It was decided that Campbell would be transported to her father's home for the night.

4. Deputy Graham agreed to the transport and Campbell got into Graham's patrol car. Deputy Bryson left the scene. Deputy Graham proceeded to transport Campbell to her father's home on Sanctuary Lane in Anderson County.

5. Campbell testified that she was upset and crying. She talked with Deputy Graham during the transport. Graham told her that "she was a pretty girl."

6. Upon arrival at her father's house, Campbell asked Graham if they could go somewhere and talk. Graham left plaintiff's father's residence and drove to a church parking lot.

7. Campbell got of the car to use the bathroom. When she returned to the patrol car, Graham put his arms around her and began kissing her. Campbell testified that she was afraid to refuse Graham because she was by herself and Graham was a law enforcement officer.

8. Campbell testified that Graham pushed her down on the seat of the car, pulled up her shirt and pulled down her shorts. He performed oral sex on Campbell. He then pulled Campbell up by her arm and pushed her head down to perform oral sex on him. Campbell testified that the sexual encounter was non-consensual.

9. Graham drove Campbell to her father's house and watched her enter the house. Campbell's father wanted to know where she had been. She was upset and crying. Campbell told her father that Graham had raped her. Her father took her to a rape crisis center in Knoxville.

10. A complaint of sexual assault was received by Anderson County 911 at approximately 3:00 a.m. and officers were dispatched to the rape crisis center. The officers interviewed Campbell and a rape examination was performed.

11. Gerald Graham was terminated as a reserve deputy by Sheriff Paul White on October 4, 2006.

12. Campbell testified that since the sexual assault, she doesn't leave her house; she has no friends; she doesn't work. She feels that the "cops are out to get her," and everywhere she goes, she feels that "people know what happened."

13. Campbell testified that it was very upsetting to have to testify at the criminal trial of Gerald Graham.

14. Campbell testified that she did not have any out-of-pocket expenses because all of her medical expenses were paid by TennCare. She has not been able to afford mental health counseling.

15. The court notes that defendant Gerald Graham was present in the courtroom during the evidentiary hearing on July 16, 2010. This was the first time that defendant appeared in this action. The defendant did not make an appearance in this case, neither did he attempt to represent himself individually and personally. Therefore, the judgment of this court will be against Gerald Graham in his individual capacity.

## **Conclusions of Law**

16. Campbell brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides a civil cause of action against any person who, under color of state law, deprives a citizen of "any rights, privileges, or immunities secured by the constitution and laws." *Id.*

17. To establish a claim pursuant to § 1983, a plaintiff must demonstrate two elements: (1) that she was deprived of a right secured by the Constitution or laws of the United States; and (2) that she was subjected or caused to be subjected to this deprivation by a person acting under color of state law. *Gregory v. Shelby County*, 220 F.3d 433, 441 (6th Cir. 2000).

18. The proof adduced at the hearing established that Eliza Campbell was forcibly raped by Gerald Graham on October 3, 2006. At the time the rape occurred, Gerald Graham was transporting plaintiff in his capacity as a Reserve Deputy with the

Anderson County Sheriff's Office. Based upon the testimony adduced at trial, the court finds that Deputy Graham took advantage of Campbell's emotional state and sexually assaulted her. Accordingly, the court finds that Eliza Campbell was deprived of a right secured by the Constitution or laws of the United States, and that she was deprived of this right by a person acting under color of state law.

19. In a § 1983 action, compensatory damages for actual injury may be awarded upon proper proof. *See Carey v. Phiphus,* 435 U.S. 247, 254 (1978). Compensatory damages may be awarded for emotional and mental distress as well as for pecuniary loss. *Memphis Comm. School Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (compensatory damages in § 1983 action may include not only out-of-pocket loss and other monetary harms, but also such injuries as impairment of reputation, personal humiliation, and mental anguish and suffering).

20. In the instant case, the court finds that Campbell did not incur any out-of-pocket expenses because her medical expenses were paid by TennCare. However, Campbell testified that she suffered great emotional pain and suffering and damage to her reputation as a result of the sexual assault. Accordingly, the court awards Eliza Campbell $25,000 compensatory damages against Gerald Graham, in his individual capacity.

21. The court may award punitive damages when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Here, the court finds that Gerald Graham's reprehensible conduct supports an award of punitive damages.

22. In determining the amount of punitive damages, the court considers (1) the degree of reprehensibility of the defendant's conduct, (2) the ratio between the harm or potential harm to the plaintiff and the punitive damages award, and (3) the relationship between the punitive damages award and civil penalties authorized or imposed in comparable cases. *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003). Here, Graham sexually assaulted and raped a vulnerable woman he was supposed to be transporting to the safety of her father's home. Accordingly, the court awards Eliza Campbell $25,000 punitive damages against Gerald Graham in his individual capacity.

23. Section 1988(b) permits a court, in its discretion to award the "prevailing party" in a § 1983 action "reasonable" attorneys fees as part of the costs. Accordingly, the court finds that Eliza Campbell is entitled to a judgment in this action and to recovery of her reasonable attorney's fees. Plaintiff shall submit counsel's statement of fees and costs with supporting documentation within fourteen (14) days following entry of the judgment. *See* F.R.C.P. 54(d)(2)(B).

## **Conclusion**

Based upon these findings of fact and conclusions of law, the court will enter judgment in favor of Eliza Campbell and against Gerald Graham, individually, in the amount of $25,000 compensatory damages, plus $25,000 punitive damages, and for reasonable attorney's fees and costs incurred by plaintiff, the amount to be determined by further orders of the court.

An order consistent with these findings of fact and conclusions of law will be entered.

**ENTER:**

s/ Thomas W. Phillips<br>United States District Judge