UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ELIZA CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-444 |
| | ) | (PHILLIPS/GUYTON) |
| | ) | |
| GERALD GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the order of the District Court [Doc. 66] referring the Plaintiff's Motion for Costs and Application for an Award of Attorney Fees [Doc. 62], to this Court for report and recommendation. This case arises out of the arrest of the Plaintiff and mistreatment during the course of her arrest. [See Doc. 1]. The Honorable Thomas W. Phillips, United States District Judge, entered an Order of Default Judgment [Doc. 57] in the Plaintiff's favor on March 25, 2010, and a Judgment [Doc. 61] in the amount of $50,000 was entered in the Plaintiff's favor on July 21, 2010.

The Plaintiff filed her Motion for Costs and Application for an Award of Attorney Fees [Doc. 62] on July 30, 2010, along with Memorandum in Support of Plaintiff's Motion for Costs and Application for an Award of Attorney Fees [Doc. 63], the Affidavit of Ronald A. Rayson [Doc. 64], and the Affidavit of Gregory P. Isaacs [Doc. 65], and invoices and documentary evidence in support of her request [Doc. 65-1]. The Defendant has not responded to the Plaintiff's motion, and the time for doing so has passed. See E.D. Tenn. LR 7.1 and Fed. R. Civ. P. 6(d), 5(b)(2)(E). This failure

to respond may be treated as acquiescence to the relief sought.[1]  E.D. Tenn. LR 7.2.

I. ANALYSIS

The Plaintiff requests a total award of $9,431.98, representing both fees and costs. The relief sought by the Plaintiff falls into three categories: (1) attorney's fees recoverable under 42 U.S.C. § 1988, (2) costs recoverable under 28 U.S.C. § 1920, and (3) expenses recoverable under 42 U.S.C. § 1988. The Court will address each of these categories in turn.

A. **Attorney Fees Recoverable Under 42 U.S.C. § 1988**

Plaintiff seeks compensation for 23.8 attorney hours at a rate of $325/hour for a total award of $7735.00.

United States Code, Title 42, § 1988 provides, that in certain civil rights actions, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." See 42 U.S.C. § 1988(b); Hensley v. Eckerhart, 461 U.S. 424, 426 (1983). When considering a petition for attorney fees, the court must first determine whether the petitioning party was the prevailing party. See Hensley, 461 U.S. at 433.  The next step for the court is to determine what fee is "reasonable." See id; see also Hadix v. Johnson, 65 F.3d 532, 535 (6th Cir. 1995). A starting point is to calculate the "lodestar" amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433; see also Brooks v. Invista, 528 F. Supp. 2d 785, 788 (E.D. Tenn. 2007) (Collier, C.J.). The resulting sum may need to be adjusted to reflect factors such as the "results obtained." Hensley, 461

---

[1]Although the Defendant was served with process in this case, he failed to answer or otherwise respond to the Complaint. However, he was present in court on July 16, 2010, when the District Judge heard the testimony of the Plaintiff and announced that attorney fees would be awarded against the Defendant. [Docs. 58, 60].

U.S. at 434.

As previously stated, the Defendant has not responded in opposition to this request, and the time for doing so has passed. Though the Court may treat this failure to respond as acquiescence, the Court also has a duty to examine the fee request under applicable case law and § 1988.

Initially, the Court finds that the Plaintiff is the prevailing party under § 1988, because the Plaintiff succeeded on a "significant issue in litigation"– in this case, liability– which achieved "the benefit [the Plaintiff] sought in bringing the suit,"– in this case, a judgment in her favor based upon the violation of her constitutional rights.

Turning to the reasonableness of the fee request, the Court acknowledges that the requested hourly rate of $325.00 is on the high end of fees charged in the Eastern District of Tennessee, see Doherty v. City of Maryville, 2009 WL 3241715 (E.D. Tenn. Sept. 30, 2009) (Varlan, J.) (finding $225.00 to be an appropriate hourly rate for partners in a case where Plaintiffs requested compensation for over 1,011.8 hours in a § 1983 action). Nonetheless, the Court finds that the hourly rate is reasonable based upon a number of considerations.

First, the fee reflects Attorney Isaacs's skill and expertise in this area of law. The Affidavit of attorney Ronald Rayson, an experienced and skilled civil rights litigator, supports the request. [Doc. 64].

In addition, Attorney Isaacs is requesting only 23.8 hours compensation in this case, which rendered a $50,000.00 verdict. This case was taken on a contingency basis [Doc. 65], which supports a higher fee rate, and under a standard one-third fee agreement, Attorney Isaacs could expect to recover $16,667.00, rather than the $7,735.00 requested. Further, the Default Judgment [Doc. 57] in this matter was entered after over three years of motion practice. Thus, the Court finds

that the rate charged is reasonable in the context of this case.

Further, the Court finds that the hours expended are reasonable. The Plaintiff has requested compensation for just 23.8 hours in a case that has been pending for over three years.

Based upon the foregoing, the Court finds that the lodestar method supports granting the Plaintiff the requested attorney's fee award. The Court has considered the factors that may support increasing or decreasing an initial lodestar calculation, Gonter v. Hunt Valve Co., Inc., 510 F.3d 610, 621 (6th Cir.2007), but the Court finds no grounds for making a modification. Accordingly, the Court recommends that an award of attorney's fees in the amount of **$7,735.00** be **ENTERED** in the Plaintiff's favor.

**B.     Costs Recoverable Under 28 U.S.C. § 1920**

Rule 54(d) of the Federal Rules of Civil Procedure directs that costs, other than attorney's fees should be allowed to the prevailing party. Fed. R. Civ. P. 54(d)(1). Costs recoverable under Rule 54(d) are specified in 28 U.S.C. § 1920. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987) ("Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)."). Pursuant to 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax the following costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

> (5) [Certain docket fees; and]
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . . .

In the Eastern District of Tennessee, the Clerk of Court is charged with assessing these costs after a Bill of Costs has been properly filed. See E.D. Tenn. L.R. 54.1.

A Bill of Costs has not been filed in this case. The Court recommends that the Plaintiff be **DIRECTED** to file a Bill of Costs, in accordance with this District's Guidelines for Preparing Bills of Costs (http://156.125.44.74/docs/local_rules/guidelines.pdf) on or before **September 17, 2010**. Thereafter, the Clerk of Court will determine the costs properly assessed in this case.

Only after the Clerk of Court has made a final determination of allowable costs pursuant to the Local Rule will the Court, on motion, review any objections to the Clerk's final determination, or whether these costs are alternatively allowable under 42 U.S.C. § 1988.

**C.     Expenses Recoverable Under 42 U.S.C. § 1988**

Generally, "photocopying, paralegal expenses, travel costs, and telephone bills fall [under § 1988]; docket fees, investigation expenses, deposition expenses, witness expenses, and costs of demonstrative exhibits fall into the second category [under § 1920]." Disabled Patriots of Amer. V. Reserve Hotel, Ltd., 659 F. Supp. 2d 877, 886 (N.D. Ohio 2009).

Because the costs requested in this case– service of process expenses, transcription costs, investigative costs, filing fees, and demonstrative aids– are generally covered by § 1920, the Court finds that an advisory opinion on the appropriateness of awarding the costs under § 1988 is not necessary or appropriate. However, if the costs are denied under § 1920, the Court recommends that the Plaintiff be **AFFORDED** thirty days after the entry of the order denying the costs to brief the

appropriateness of the awarding these costs under § 1988.

### III. CONCLUSION

In sum, the Court **RECOMMENDS**[2] that:

1. An award of attorney's fees in the amount of **$7,735.00** be **ENTERED** in the Plaintiff's favor;

2. The Plaintiff be **DIRECTED** to file a Bill of Costs, in accordance with this District's Guidelines for Preparing Bills of Costs (http://156.125.44.74/docs/local_rules/guidelines.pdf) on or before **September 17, 2010**; and

3. The Plaintiff be **AFFORDED** thirty days after the entry of an order denying any costs to brief the appropriateness of awarding those costs under § 1988.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).